Nash, C. J.
 

 Upon the authority of the case of Hawkins Wall, 3rd Ird. Eq. 280, we concur with his Honor in his
 
 *82
 
 judgment in this case. There was no payment of the judgment, by operation of law, upon which the defendant was ordered into custody by the Court.
 

 It is well settled, that where a defendant is arrested, upon a
 
 ca sa,
 
 in a civil suit, and is discharged, by the direction, or consent, of the plaintiff, it is in law a discharge of the debt, but where he is discharged by operation of law, as by an insolvent act or act of bankruptcy, or where he dies in prison, or escapes, it is not a discharge of the debt. In the case of Hawkins, a judgment had been obtained against him, by the defendant Wall, upon which a
 
 capias a 'd satis-faciendum
 
 had issued, and under which he was arrested, and gave the Sheriff a bond for his appearance in Court. lie did appear, and surrendered himself in discharge of his bail, and was not prayed into custody. Subsequently,
 
 & fieri facias
 
 issued against Hawkins, to collect the judgment. The bill was filed to obtain an injunction, upon the proof of an agreement alleged to have been made between the plaintiff and the defendant, and also upon the ground, that the plaintiff had been discharged from custody, by the act and consent of the creditor, and that, thereby, the debt was discharged.
 

 In the opinion delivered by the late Chief Justice, the doctrine is fully discussed, and the principles governing this case settled — that where a debtor is in custody, upon final process, and escapes, or surrenders himself in open Court, it is no discharge of the debt — and in the latter case it is op-tionary with the plaintiff, to pray him into custody or not— and if he does not, his rights under the judgment arc not touched — and the opinion further decides, that it is in the power of the Court to order the defendant into custody, and if they did so, it'would be a new imprisonment under that order: we think that case decisive of the one before us, upon that point. The first judgment against the defendant Was not discharged, by his arrest under a
 
 ca sa,
 
 and his escape therefrom, by the act of the ■ Sheriff. The State, by
 
 *83
 
 its agent, tbe prosecuting officer, did not assent to it. As ¡the judgment was still in force, the Court had a full right to order a new
 
 capias
 
 to issue, and upon the defendant’s being brought into Court under it, there was no error in the judgment rendered, of Avhieh the defendant has a right to complain.
 

 We do not deem it necessary to consider the question of the power of the Sheriff, to retake a prisoner, under final process, who escapes by his permission. It has no application in this case, as he acted under the precept of a Court of competent authority.
 

 The defendant further insists, that the money due upon the judgment had actually been paid to the Sheriff — and he showed, that a negro of his had been sold by one Eitz-randolph, the deputy of the Sheriff, and that the sale raised more money, by $ 188, than was necessary to satisfy the execution, and that the money was still in the Sheriff’s hands. Eitzrandoph was then called in behalf of the State, to proye that he had paid that surplus to the plaintiff himself. The defendant objected to his competency, on the ground, of interest. The objection was overruled. In this we see no error. See York v. Blatt, 5th Ma. & Sel. 71 — and State v. Fulenwider, 4 Ired. 364 — where it is decided, that in an action on a constable’s bond, against his sureties, the constable was a competent witness for the relator.
 

 But further, he had no interest in the proceedings; neither he nor his principal, the Sheriff, was a party to the record, nor can the judgment be. given in evidence against him, in any further suit by the Sheriff.
 

 Judgment affirmed.